09-3909-ag
Wang v. Holder

BIA
A070 897 135

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of September, two thousand ten.

PRESENT:
        RALPH K. WINTER,
        PIERRE N. LEVAL,
        DEBRA ANN LIVINGSTON,
                *Circuit Judges*.

_____

ZHAO XIN WANG,
        *Petitioner*,

        v.                   09-3909-ag
                            NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
        *Respondent*.

_____

FOR PETITIONER:      Meer M.M. Rahman, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Russell J.E. Verby, Senior Litigation Counsel; John D. Williams, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Zhao Xin Wang, a native and citizen of the People's Republic of China, seeks review of an August 31, 2009, order of the BIA denying his motion to reopen his removal proceedings. *In re Wang*, No. A070 897 135 (B.I.A. Aug. 31, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien who has been ordered removed may file one motion to reopen, but must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7). Here, the BIA properly denied Wang's motion to reopen as untimely and number-barred, as it was his sixth motion to reopen and was filed more than six years after his June 2002 final order of removal. *See id.*; 8 C.F.R. § 1003.2(c)(2).

Although the time limits on motions to reopen may be excused when the movant demonstrates changed country conditions, 8 U.S.C. § 1229a(c)(7)(C)(ii), the BIA reasonably concluded that Wang had shown only that his

2

personal circumstances had changed, as his claim was based on the fact that he joined the Chinese Democracy Party ("CDP") in 2008.  *See Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006) (noting that "apparent gaming of the system in an effort to avoid [removal] is not tolerated by the existing regulatory scheme"); *see also Yuen Jin v. Mukasey*, 538 F.3d 143, 151-56 (2d Cir. 2008) (holding that the existing legal system does not permit aliens who have been ordered removed "to disregard [those] orders and remain in the United States long enough to change their personal circumstances (*e.g.*, by having children or practicing a persecuted religion) and initiate new proceedings via a new asylum application").  Indeed, Wang fails to point to any evidence in the record establishing how the Chinese government's current treatment of CDP members differs from their treatment at the time of his merits hearing.  *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) (finding that, "[i]n determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, we compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below").  Therefore, substantial evidence supports the BIA's

determination that Wang failed to establish changed country conditions. *See* 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (holding that when the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, this Court reviews the BIA's factual findings under the substantial evidence standard). Accordingly, the BIA did not abuse its discretion by denying Wang's motion. *See Ali*, 448 F.3d at 517.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4